BEFORE THE THIRD DIVISION, JUNE 28, 1940

No. 44067.—Protest 953481–G of Wm. Adams, Inc. (New York).

CLINE, Judge: This is a suit against the United States in which the plaintiff seeks to recover the duty assessed at the rate of 50 per centum ad valorem plus 25 per centum ad valorem on merchandise claimed to be free of duty under

paragraph 1811 of the Tariff Act of 1930 as artistic antiquities produced prior to the year 1830. The merchandise in issue, which is invoiced as "AHEM 3 4 pieces. metal ancien, francs 1200" consists of a silver-plated tea and coffee set. It was classified as silver-plated tableware under paragraph 339 and assessed at the rate of 50 per centum ad valorem, and, in addition thereto, it was assessed at 25 per centum ad valorem under section 489 on the ground that the goods were entered as antiquities but were rejected as unauthentic in respect to the antiquity claim as the basis for free entry.

The defendant does not dispute the fact that there was a compliance with the customs regulations. The appraiser's notation on the invoice indicates that he was satisfied that the articles were artistic but he was of opinion that they were not produced prior to the year 1830. His notation with respect to the invoice item, which he marked with the letter "X," reads as follows:

Item X are objects of art of ornamental character described in Par. 1811, but not produced prior to 1830. Plus 25%, Sec. 489.

The sole question presented to the court is as to whether or not the articles were produced prior to the year 1830.

At the trial the importer was called as a witness in his own behalf. He produced the set the subject of the controversy and it was admitted in evidence and marked "Exhibit 1," but the exhibit was withdrawn at the close of the trial. The witness testified to an experience of 18 years in buying and handling antique silverware, both English and French; that he had purchased French antique silverware during the entire period of his business experience; that he had studied various books written on the subject and acquired knowledge through active and constant application to his particular work; that he personally purchased the merchandise in this case in Paris, France; that the articles are old French Sheffield platedware, and, from the character of the goods and the marks. contained thereon, he was of opinion that they were produced prior to 1830. The witness produced a standard work on the subject, entitled "History of Old Sheffield plate" by Frederick Bradbury, which was offered in evidence and marked "Illustrative Exhibit A," but was withdrawn after the trial. The witness testified that the same mark which is on the bottom of the articles herein involved is printed on page 171 of the book, indicating that the mark was used in France on silverware in the year 1820; that antique English Sheffield plated-ware was not marked but the French manufacturers marked the goods with their own private mark. The witness pointed out also that the ornamentation on the articles is similar to that in the pictures of antique silverware on page 165 of Illustrative Exhibit A.

The defendant called one witness who was well qualified on the subject of English Sheffield platedware but admitted that he had little experience with antique French Sheffield plate. He testified that in his opinion the articles were produced after 1830, giving as a reason that they were electroplated, and that electroplating was not discovered until 1840. He said that there were parts of the articles which were made by the same processes which were used prior to 1830. After examining the tea pot in Exhibit 1, he made a detailed analysis of the different characteristics of it which influenced his opinion. It is evident. that there was some doubt in his mind as to whether the article was produced prior or subsequent to 1830. In describing the inside of the exhibit he said:

The inside of this article is very rough. It has spinning marks, but it is very rough, and might be a piece of old Sheffield plate by the double process.

Another specification which influenced his opinion was the shape of the articles. which he designated as "Melon" and said that was one of the latest designs intro-

-duced prior to the introduction of nickel silver. When asked for the date of pro-duction of the "Melon" shape, he referred to the authority introduced as Illus-trative Exhibit A and said it contained the information "sample pot made a-towards end of 1830."

We have carefully reviewed the evidence submitted and find that the weight of evidence sustains the claim of the plaintiff. We hold that the merchandise invoiced as "AHEM 3 4 pieces metal ancien, francs 1200." is free of duty under paragraph 1811 of the Tariff Act of 1930. Judgment will be entered in favor of the plaintiff.